**SCHWANDER v. NOBLE et al. (No. 2255.)**

(Court of Civil Appeals of Texas. Texarkana. April 8, 1920. Rehearing Denied April 22, 1920.)

1. **Appeal and error ⬅1040(16)—Overruling of exception to portion of answer held harmless.**

Overruling of exception to portion of answer was harmless, where court did not submit to the jury the issue raised thereby.

2. **Appeal and error ⬅1050(1)—Admission of deed in evidence held harmless in view of testimony.**

Admission of deed in evidence *held* harmless, where plaintiff in error and another witness, without objection, testified that the conveyance had been made.

Error from District Court, Harris County; Henry J. Dennenbaum, Judge.

Action by Ed. P. Schwander, independent executor, against H. E. Noble and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lawrence Sochat and B. F. Louis, both of Houston, for plaintiff in error.

Edward. H. Bailey and Jones & Jones, all of Houston, for defendants in error.

HODGES, J. This suit was filed by E. P. Schwander, plaintiff in error, as the independent executor of the will of Mrs. Annie Mary Schwander, deceased, against H. E. Noble, E. T. Noble, and Ella E. Noble, wife of E. T. Noble. The purpose of the suit was to cancel two deeds executed by Mrs. Annie Mary Schwander during her lifetime—one of them to H. E. Noble and another to Ella E. Noble—conveying an undivided interest in certain lots described as being situated in the city of Houston, Tex. The petition alleged that at the time the deeds were executed Mrs. Schwander was mentally incapable of disposing of her property and did not understand the nature or character of the transaction of making the deed; that she thought she was making a will. It was further alleged that the deeds were not based upon any legal consideration and were never in fact delivered by Mrs. Schwander; that if they were delivered such delivery was procured by deceit and fraud practiced upon her by the defendants. The defendants in error answered by general and special exceptions and by general denial. They also specially pleaded that some time prior to her death Mrs. Schwander executed and delivered a deed of gift to the plaintiff in error, conveying valuable property situated in the city of Houston; that no such gift or donation had ever been made by her to either of the defendants, and that Mrs. Schwander in executing the deeds to them was actuated by a spirit of fairness and disposition to do them justice and in a measure to equalize the benefits from her estate.

The court submitted to the jury four special issues. In response to the first the jury found that Mrs. Schwander possessed sufficient mental capacity to make valid deeds. To the second they found that her signature to the deeds was not procured by any undue influence exerted by the defendants. To the third they found that Mrs. Schwander did deliver the deed to the grantees therein named. To the fourth they found that at the time Mrs. Schwander executed the deeds she was not induced to believe that either of them was a will and not a deed. Upon those findings the court entered a judgment in favor of the defendants in error.

The first assignment is based upon the refusal of the court to sustain a special exception to that portion of the defendants' answer wherein they pleaded a gift from Mrs. Schwander to the plaintiff in error. The second assignment is to the ruling of the court in admitting in evidence a deed from Mrs. Schwander to plaintiff in error conveying the property referred to in the special answer of the defendants. The demurrer to that portion of the answer was predicated upon the ground that it was an attempt to plead the evidence instead of the material facts. The objection to the deed is that it was immaterial and irrelevant to any issue in the case, and tended to prejudice the jury against the plaintiff's cause of action.

The facts show that the plaintiff in error was the only living child of Mrs. Schwander;

that H. E. Noble was the surviving husband of a deceased daughter of Mrs. Schwander; that E. T. Noble was the son of H. E. Noble, and Ella Noble was the wife of E. T. Noble. It was further shown that Mrs. Schwander had been a widow for approximately 40 years, and during the greater part of that time had made her home with H. E. Noble, and that the other defendants in error resided upon the adjoining lot for some years prior to the death of Mrs. Schwander.

[1, 2] There was no reversible error in overruling the exception to the defendant's answer. The court did not submit to the jury the issue raised by that portion of the answer. Neither was there any reversible error in admitting the deed referred to in evidence. Both the plaintiff in error and another witness in the case testified, without objection, that such a conveyance had been made. The plaintiff in error, however, denied that the conveyance was intended as a gift, claiming that he had paid his mother for the property.

We are of the opinion that no injury resulted to the plaintiff in error from the rulings of the court complained of, and the judgment will be affirmed.